UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
WILSON MALDONADO,

        Plaintiff,

  -against-

MAIN STREET PIZZA and DAVID FABRIZI,

        Defendants.

-----------------------------------------------------------------------X

**COMPLAINT**

Docket No.:

**Jury Trial Demanded**

Plaintiff, WILSON MALDONADO, by and through his attorneys, FAMIGHETTI & WEINICK, PLLC, alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1.   This is a civil action alleging Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., the New York State Labor ("NYLL"), Article 6 § 190 *et. seq.*, to recover, *inter alia*, unpaid wages, overtime compensation, emotional and compensatory damages, and other penalties owed to Plaintiff by Defendants.

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Supplemental jurisdiction is invoked over State and local causes of action pursuant to 28 U.S.C. § 1367.

3.   Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action, occurred in this district.

1

**PARTIES**

4.      Maldonado is an individual residing in the County of Suffolk, State of New York.

5.      Main Street Pizza Company ("Main Street") is a New York corporation having a principal place of business in Farmingdale, Suffolk County, New York State.

6.      David Farbrizi is the owner and Chief Executive Officer of Main Street Pizza Company and is therefore responsible for the employment decisions and policies challenged herein, including the decisions concerning Maldonado's pay and the lack thereof.

**FACTS**

7.      Main Street operates as a pizzeria/Italian restaurant with services including takeout food, food delivery, on site dining and catering.

8.      Main Street handles products which have moved in interstate commerce, including, but not limited to, cheese, flour, tomatoes and other vegetables, beer, seafood, and meats.

9.      Such products were grown, produced, and/or manufactured outside of New York State, were purchased by Main Street, and transported into New York.

10.     Main Street earned more than $500,000 in revenue per year during the relevant time periods.

11.     In October 2019, Defendants hired Maldonado as a pizza preparer.

12.     Maldonado's responsibilities included stretching pizza dough, topping the dough, and cooking pizzas in the oven.

13.     Defendants did not upon Maldonado's hire or at any time thereafter, provide to Maldonado a notice of rate of pay as required by New York State Labor Law § 195.1.

14.     Defendants set Maldonado's schedule to be 10:00a.m. to 8:00p.m. six-days a week but Maldonado occasionally worked from 12:00p.m. to 10:00p.m.

15.     Maldonado, in fact, worked the above schedule each and every week he was employed by Main Street.

16.     For example, during the workweek of November 11, 2019 through November 17, 2019, Maldonado worked Monday, Tuesday, Wednesday, Friday, Saturday, and Sunday from 10:00a.m. to 8:00p.m., for a total 60 hours worked.

17.     This workweek is merely an example and not the only week in which Maldonado worked such a schedule.

18.     Maldonado regularly worked a 60-hour workweek exemplified by the November 11 to the 17, 2019 workweek example above in paragraph 16.

19.     Defendants did not maintain records of the hours that Maldonado worked.

20.     For all the hours that Maldonado worked in a workweek, Defendants paid to Maldonado a flat rate of $1,150.00 per week.

21.     Generally, Maldonado was paid the $1,150.00 in cash at the end of his shift on a Sunday, which was considered the last day in the work week.

22.     The $1,150.00 weekly pay to Maldonado was for the first 40 hours of work in a particular workweek.

23.     Defendants failed to pay Maldonado any compensation for hours 41-60 that he worked for each week that he was employed at Main Street, from October 5, 2019 through February 22, 2020.

24.     When paying Maldonado, Defendants did not provide to him a wage statement identifying the hours that he worked, his regular rate of pay, or any other information required by the New York Labor Law.

25.     Defendants conduct in not paying Maldonado overtime compensation was intentional and willful because they knew or should have known that by not paying Maldonado his duly earned compensation was unlawful.

## FIRST CLAIM
(FLSA - OVERTIME)

26.     Defendants have failed to pay Plaintiff overtime premium for all hours worked in excess of forty hours in a workweek, in violation of the FLSA.

27.     Defendants' conduct was willful, intentional, and/or not in good as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide proper wage notices to employees.

## SECOND CLAIM
(NYLL - Overtime)

28.     Defendants have failed to pay Plaintiff an overtime premium for all hours worked in excess of forty hours in a workweek, in violation of the NYLL.

29.     Defendants' conduct was willful, intentional, and/or not in good as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide proper wage notices to employees.

## THIRD CLAIM
(NYLL – Wage Theft Prevention Act – Wage notice)

30.     Defendants failed to provide to Plaintiff notifications of pay rate in the form and at the times directed by the NYLL Wage Theft Prevention Act.

## FOURTH CLAIM
(NYLL – Wage Theft Prevention Act – Wage Statements)

31.     Defendants failed to provide to Plaintiff wage statements in the form and at the

times directed by the NYLL Wage Theft Prevention Act.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs seek a trial by jury of all issues so triable in this action.

**WHEREFORE,** Plaintiff demands judgment against Defendants, where applicable, for all compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, overtime pay, loss of benefits, reinstatement, injunctive relief, liquidated damages (where applicable), statutory damages, and any other damages permitted by law.  It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.  Plaintiff demands a trial by jury.

Dated: Melville, New York
      May 12, 2021


FAMIGHETTI & WEINICK, PLLC
*Attorneys for Plaintiff*
25 Melville Park Road, Suite 235
Melville, N.Y. 11747
(631) 352-0050

By:   *Peter J. Famighetti*
       Peter J. Famighetti