UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WILSON MALDONADO,

                      Plaintiff,

   -against-

UNCLE TONY'S OF FARMINGDALE a/k/a UNCLE TONY'S PIZZERIA d/b/a MAIN STREET PIZZA, FRED L. ASSINI, and DAVID FABRIZI,

                      Defendants.
-------------------------------------------------------------------X

**AMENDED COMPLAINT**

Docket No.:
21 CV 02656 (ARR) (ARL)

**Jury Trial Demanded**

Plaintiff, WILSON MALDONADO, by and through his attorneys, FAMIGHETTI & WEINICK, PLLC, alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1. This is a civil action alleging Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., the New York State Labor ("NYLL"), Article 6 § 190 *et. seq.*, to recover, *inter alia*, unpaid wages, overtime compensation, emotional and compensatory damages, and other penalties owed to Plaintiff by Defendants.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Supplemental jurisdiction is invoked over State and local causes of action pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the

events or omissions giving rise to this action, occurred in this district.

## PARTIES

4. Plaintiff, Maldonado is an individual residing in the County of Suffolk, State of New York.

5. Defendant, Uncle Tony's of Farmingdale a/ka/ Uncle Tony's Pizzeria d/b/a Main Street Pizza Company (the "Company") is a New York corporation having a principal place of business located at 301-302 Main Street, Farmingdale NY 11735

6. Defendant, Fred L. Assini is the owner and Chief Executive Officer of the Company and is therefore responsible for the employment decisions and policies challenged herein, including the decisions concerning Maldonado's pay and the lack thereof, and maintains an address of 71 Gazza Blvd., Farmingdale, New York 11735

7. Defendant, David Fabrizi, at all relevant times, was employed by the Company as the General Manager and was responsible for inter alia, the day-to-day operation of the Company including the supervision of all employees, human resource matters and to ensure that the Company adhered to all laws of the workplace. Fabrizi maintains an address at 160-54 16th Ave., Apt # 1, Whitestone, New York 11357.

## FACTS

8. The Company operates as a pizzeria/Italian restaurant with services including takeout food, food delivery, on site dining and catering.

9. The Company handles products which have moved in interstate commerce, including, but not limited to, cheese, flour, tomatoes and other vegetables, beer, seafood, and meats.

10. Such products were grown, produced, and/or manufactured outside of New York State, were purchased by the Company, and transported into New York, Long Island, Suffolk County.

11. The Company earned more than $500,000 in revenue per year during the relevant time periods.

12. In June 2019, Defendant Assini hired Defendant Fabrizi as the General Manager of the Company, agreeing to a written employment agreement.

13. As the general manager, Defendant Fabrizi ran the day-to-day operations of the Company, including but not limited to; the supervision of all employees; monitoring food costs and expenditures of the Company; ensuring the profitability of the Company; addressing human resources issues as they may have arisen; ensuring compliance with all applicable health codes; ensuring the restaurant is maintained in a clean and safe condition; and general adherence to all applicable laws of the workplace.

14. As the general manager of the Company, Defendant Fabrizi earned a gross yearly salary of $75,000.00, and was eligible to earn an equity share of the Company as partner and/or shareholder, so long as the Company generated a certain amount of gross revenue per year.

15. Upon his hire as general manager, Defendant Fabrizi agreed and understood that he was responsible to comply with all laws of the workplace including, but not limited to wage and hour laws (overtime, minimum wage, spread of hours), anti-discrimination laws (federal, state, and local), and all workplace safety laws (OSHA, Workers' Compensation, etc.)

16. In October 2019, Defendants hired Maldonado as a pizza preparer.

17. Maldonado's responsibilities included stretching pizza dough, topping the dough, and cooking pizzas in the oven.

18. Defendants did not upon Maldonado's hire or at any time, thereafter, provide to Maldonado a notice of rate of pay as required by New York State Labor Law § 195.1.

19. Defendants, including Fabrizi, set Maldonado's schedule to be 10:00a.m. to 8:00p.m. six-days a week but Maldonado occasionally worked from 12:00p.m. to 10:00p.m.

20. Maldonado, in fact, worked the above schedule each and every week he was employed by the Company.

21. For example, during the workweek of November 11, 2019, through November 17, 2019, Maldonado worked Monday, Tuesday, Wednesday, Friday, Saturday, and Sunday from 10:00a.m. to 8:00p.m., for a total 60 hours worked.

22. This workweek is merely an example and not the only week in which Maldonado

worked such a schedule.

23. Maldonado regularly worked a 60-hour workweek exemplified by the November 11 to the 17, 2019 workweek example above in paragraph 21.

24. Defendants did not maintain records of the hours that Maldonado worked.

25. For all the hours that Maldonado worked in a workweek, Defendants paid to Maldonado a flat rate of $1,150.00 per week.

26. Generally, Maldonado was paid the $1,150.00 in cash at the end of his shift on a Sunday, which was considered the last day in the work week.

27. The $1,150.00 weekly pay to Maldonado was for the first 40 hours of work in a particular workweek, which equates to $28.75 per hour.

28. Defendants failed to pay Maldonado any compensation for hours 41-60 that he worked for each week that he was employed at Main Street, from October 5, 2019, through February 22, 2020.

29. When paying Maldonado, Defendants did not provide to him a wage statement identifying the hours that he worked, his regular rate of pay, or any other information required by the New York Labor Law.

30. Defendants conduct in not paying Maldonado overtime compensation was intentional and willful because they knew or should have known that by not paying Maldonado his duly earned compensation was unlawful.

### FIRST CLAIM
(FLSA - OVERTIME)

31. Defendants have failed to pay Plaintiff overtime premium for all hours worked in excess of forty hours in a workweek, in violation of the FLSA.

32. Defendants' conduct was willful, intentional, and/or not in good as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide proper wage notices to employees.

### SECOND CLAIM
(NYLL - Overtime)

33. Defendants have failed to pay Plaintiff an overtime premium for all hours worked in excess of forty hours in a workweek, in violation of the NYLL.

34. Defendants' conduct was willful, intentional, and/or not in good as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide proper wage notices to employees.

### THIRD CLAIM
(NYLL – Wage Theft Prevention Act – Wage notice)

35. Defendants failed to provide to Plaintiff notifications of pay rate in the form and at

the times directed by the NYLL Wage Theft Prevention Act.

### FOURTH CLAIM
(NYLL – Wage Theft Prevention Act – Wage Statements)

36.     Defendants failed to provide to Plaintiff wage statements in the form and at the times directed by the NYLL Wage Theft Prevention Act.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs seek a trial by jury of all issues so triable in this action.

**WHEREFORE,** Plaintiff demands judgment against Defendants, where applicable, for all compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, overtime pay, loss of benefits, reinstatement, injunctive relief, liquidated damages (where applicable), statutory damages, and any other damages permitted by law.  It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.  Plaintiff demands a trial by jury.

Dated: Melville, New York
       November 5, 2021

                                          FAMIGHETTI & WEINICK, PLLC
                                          *Attorneys for Plaintiff*
                                          25 Melville Park Road, Suite 235
                                          Melville, N.Y. 11747
                                          (631) 352-0050

                          By:    *Peter J. Famighetti*
                                         Peter J. Famighetti